IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Alan Dale Chronister,<br><br>                Plaintiff,<br><br>vs.<br><br>Director William Byars, *South Carolina Dept. of Corrections*; Laverne Cohen, *Ridgeland Correctional Institution Warden*; Assoc. Warden, C.A. Burton; Assoc. Warden S. Singleton; Lt. W. Buoy,<br><br>                Defendants. | Case No. 8:12-cv-03348-JFA-JDA<br><br>**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

This matter is before the Court on cross motions for summary judgment filed by Alan Dale Chronister ("Plaintiff") [Doc. 73], and by Defendants Director William Byars ("Byars"); Warden Laverne Cohen ("Cohen"); Assoc. Warden C.A. Burton ("Burton"); Assoc. Warden S. Singleton ("Singleton"); and Lt. W. Buoy ("Buoy") (collectively, "Defendants")[1] [Doc. 85]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

Plaintiff, proceeding pro se, filed this action on November 20, 2012[2] alleging a violation of his constitutional rights pursuant to 42 U.S.C. § 1983. [Doc. 1.] Plaintiff filed

---

[1] By Order entered July 17, 2013, this Court granted Plaintiff's motion to amend his Complaint to drop Captain James Best as a Defendant in this action, and it directed the Clerk of Court to terminate him as a Defendant. [Doc. 54.]

[2] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Plaintiff, this action was filed on November 20, 2012. [Doc. 1-1 (envelope stamped received by prison authorities on November 20, 2012).]

1

his motion for summary judgment on August 12, 2013. [Doc. 73.] Defendants filed their motion for summary judgment and response in opposition to Plaintiff's motion for summary judgment on September 19, 2013. [Docs. 85, 89.] By Order filed September 20, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal/summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. [Doc. 90.] Plaintiff filed a response in opposition to Defendant's motion for summary judgment on October 7, 2013. [Doc. 103.] Defendants filed a reply, and amended reply, to Plaintiff's response on October 28, 2013, and November 15, 2013. [Docs. 108, 112.] On November 5, 2013, Plaintiff filed another response in opposition to Defendant's motion for summary judgment and objection to their motion to dismiss. [Doc. 109.] The motions are now ripe for review.

## BACKGROUND

Plaintiff's lawsuit concerns his prison conditions at Ridgeland Correctional Institution ("Ridgeland"), a part of the South Carolina Department of Corrections ("SCDC"), where Plaintiff is currently incarcerated and apparently was incarcerated during the time of the alleged events giving rise to this action. [Doc. 32, 32-2.][3] Plaintiff alleges Defendants Cohen, Burton, Singleton, and Buoy are staff members at Ridgeland [Doc. 32-2 at 2] and Defendant Byars[4] is the SCDC Director employed at headquarters in Columbia, South

---

[3] Plaintiff filed a Complaint and an Amended Complaint. [Docs. 1, 32.] The Clerk of Court attached the Complaint to the Amended Complaint; thus, both pleadings are linked together in Doc. 32 as one document, the Amended Complaint. Additionally, Plaintiff filed certain exhibits as evidence for the Court to review, and on June 11, 2013, this Court directed the Clerk of Court to file the exhibits as attachments to the Amended Complaint. [Doc. 44.]

[4] Plaintiff appears to allege a claim against Byars under a theory of supervisory liability, however, there is no doctrine of *respondeat superior* in § 1983 claims. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691–94 (1978). *See, also, Thompson v. McCoy*, 425 F. Supp. 407, 411 (D.S.C. 1976) (quoting

2

Carolina (collectively "Defendants")[5]. [*Id.*]  Because Plaintiff submitted several lengthy briefs and alleges many different constitutional violations, this Court has attempted to summarize his claims.  Generally, Plaintiff raises numerous complaints and alleges violations of his Eighth and Fourth Amendment rights based on complaints related to his conditions of confinement and lack of medical care. [*See, generally*, Doc. 32 and Doc. 32-2.]  Plaintiff seeks compensatory and punitive damages against all Defendants.[6] [Doc. 32-2 at 12.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard

---

*Knipp v. Weikle*, 405 F. Supp. 782 (N.D. Ohio 1975))("[A]bsent an allegation that a named defendant has personally subjected the plaintiff to a deprivation of his constitutional rights or has caused the conduct complained of or participated in some manner in the allegedly unlawful actions of his employee or subordinate officer, this Court has held a complaint insufficient to state a claim against such defendant under § 1983.") Thus, the Court recommends summary judgment be granted with respect to Defendant Byars.

[5] Defendants argue they are entitled to Eleventh Amendment immunity in their official capacities. [Doc. 85-1 at 12.] The Court agrees.  To the extent Plaintiff seeks to sue these Defendants in their official capacities, his claims fail.  The Eleventh Amendment prohibits federal courts from entertaining an action against a state. *See, e.g., Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (citations omitted); *Hans v. Louisiana*, 134 U.S. 1, 10–11(1890).  Further, Eleventh Amendment immunity "extends to 'arm[s] of the State,' including state agencies and state officers acting in their official capacity," *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (alteration in original) (internal citations omitted).  Thus, Defendants are entitled to summary judgment on Plaintiff's claims in their official capacities.

[6] Defendants contend that most of Plaintiff's claims (except the claims related to the quality of food and his medical treatment) are barred because he does not allege any physical injuries pursuant to 42 U.S.C. § 1997e(e). [Doc. 85-1 at 13.]  The Court disagrees.  Because Plaintiff seeks punitive damages in addition to compensatory damages, his alleged failure to submit certain evidence of physical injuries does not bar his § 1983 claims.  *See Rivera v. Byars*, C/A No. 8:12-2318-JMC-JDA, 2012 WL 7060756, at *3 n.1 (D.S.C. Sept. 10, 2012), *adopted*, 2013 WL 504583 (D.S.C. Feb. 12, 2013), *aff'd*, 523 F. App'x 227 (4th Cir. 2013).

3

than those drafted by attorneys. *Haines*, 404 U.S. at 520. The mandated liberal construction means only that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part,

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ."

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and

laws of the United States" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State . . . or by a person for whom the State is responsible" and that "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A

5

determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this

standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

**Eighth Amendment Claims**

Defendants contend they are entitled to summary judgment because he cannot show a constitutional violation. [Doc. 85-1 at 13.] The Court agrees.

As a general matter, the Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 103 (*quoting Gregg v. Georgia,* 428 U.S. 153, 173 (1976)). Under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." *Wolfish v. Levi*, 573 F.2d 118, 125 (2d Cir.1978), *overruled on other grounds by Bell v. Wolfish*, 441 U.S. 520 (1979). Even so, the Eighth Amendment "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *see also Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir.1995) ("[T]he ordinary discomfort accompanying prison life is part and parcel of the punishment those individuals convicted of criminal offenses endure as recompense for their criminal activity. Accordingly, only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim.").

To state a claim of constitutional significance concerning prison conditions, a prisoner must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir.1996). To establish the subjective component of a conditions-of confinement claim, a prisoner must show that prison officials acted with deliberate indifference–that is, the prisoner must show the officials acted with more than mere negligence but less then malice. *See Williams*, 77 F.3d at 76; *see also*

*Farmer v. Brennan*, 511 U.S. 825, 835–37 (1994). For the objective component of a conditions-of-confinement claim, the prisoner must demonstrate an extreme deprivation of his rights. *See Williams v. Branker*, No. 11–6329, 2012 WL 165035, at *4 (4th Cir. Jan. 20, 2012) (unpublished).

### *1.   Conditions of Confinement*

In his Complaint, Plaintiff alleges his Eighth Amendment rights were violated by Defendant Buoy's use of her position to harass and intimidate him [Doc. 32 at ¶ 1; Doc. 32-2 at 3–4] and her denying him the opportunity to speak with her about her refusal to allow him recreational time on the yard [Doc 42-1 at 7]. Additionally, Plaintiff alleges Defendants Cohen, Eichelberger, Burton and Best[7] violated his Eighth Amendment rights by failing to protect him from Defendant Buoy's actions, of which they were aware. [Doc. 32-2 at 3.] Further, Plaintiff alleges he was discriminated against and that Buoy violated Department of Correction's ("DOC") policy by denying him outdoor exercise. [Doc. 32-2 at 3, 8.]

Plaintiff also alleges his rights were violated by being subject to lock downs lasting as long as 23 days, denied hot food, hot showers, being provided with no products to clean his cell, and no medical care. [Doc. 32 at ¶ 5.] Plaintiff complains his cell has been dead locked and restricted on 90 occasions due to a shortage of staff and that he has been

---

[7]The Court notes that Plaintiff has failed to allege any action on the part of Defendants Cohen, Eichelberger, Burton and Best other than their alleged knowledge of Defendant Buoy's harassment. Such an allegation is insufficient to state a claim against these Defendants under § 1983. As noted *supra* in discussing supervisory liability, in a § 1983 claim, "liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (discussing *Bivens* suits). Even in cases of supervisors, mere knowledge of a constitutional violation is not enough–the supervisor must purposefully violate her supervisory responsibilities to be subject to liability. *Deakins v. Pack*, —F.Supp.2d.—, 2013 WL 3716655 (S.D. W.Va. July 12, 2013). Therefore, colleagues of the alleged violator against whom no personal violations are alleged are not subject to suit under § 1983. To the extent Plaintiff alleges a failure to protect against these Defendants, this claim likewise fails.

9

denied showers, television, and phone calls to his family, all in violation of his Eight and Fourteenth Amendment rights. [Doc. 32-2 at 7.] Plaintiff also claims that he is forced to live in a dilapidated dorm with rancid showers that are unsanitary and contain mold and fungus. [Doc. 32-2 at 9.] He asserts that he was forced to eat under hostile conditions, in which he was forced to eat within 7-8 minutes and was served in unsanitary conditions in violation of state law, APA standards, and Department of Corrections policy and procedures.[8] [*Id.* at 10.] Plaintiff also claims he has had numerous tumors removed due to the diet, devoid of health benefits, he is being fed. [Doc. 32 at ¶¶ 9–10.]

Lastly, Plaintiff alleges his grievances are not being processed in accordance with DOC policy. [Doc. 32-2 at 8.] He also claims he is the subject of race discrimination in that Latino and African American inmates are given preferential treatment with respect to jobs and outside recreation by a mostly African American staff. [Doc. 32-2 at 11.]

***Discussion***

Upon review, the Court finds that the numerous of conditions of confinement of which Plaintiff complains fail to rise to the level of an Eighth Amendment violation in that they neither show deliberate indifference on the part of the Defendants, nor do they show

---

[8]Defendant Cohen avers that inmates at Ridgeland are served healthy, well-balanced meals that are designed at SCDC headquarters [Doc. 85-4 at ¶ 16], and that its cafeteria, which is treated monthly for insects and pests, has always received an A grade from the South Carolina Department of Health and Environmental Control. [*Id.* at ¶¶ 20–21.] Additionally, in order to feed all of the inmates at Ridgeland in a timely manner, it is necessary for inmates to eat their meals relatively quickly in order to allow the other inmates at the institution to eat their meals; thus, inmates are given 10 minutes from when the last inmate sits down to eat their meals. [*Id.* at ¶¶ 35–37.] The Court must accord substantial deference to the professional judgment of prison administrators, who bear significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them. *See, Johnson v. Williams*, 768 F.Supp. 1161, 1165 (E.D.Va.1991)("The simple fact that Plaintiff was served cold bag lunch meals in his cell does not indicate that the meals were less than nutritious or served under unsanitary conditions.") (*citing Burgin v. Nix*, 899 F.2d 733, 734 (8th Cir.1990) (sacked meals held to provide an adequate diet)).

Plaintiff suffered an extreme deprivation of rights. In *In re Long Term Administrative Segregation of Inmates Designated as Five Percenters*, 174 F.3d 464 (4th Cir.1999), for instance, the prisoners alleged, *inter alia*, that they were "confined to their cells for twenty-three hours per day without radio or television, that they receive[d] only five hours of exercise per week, and that they [could] not participate in prison work, school, or study programs." *Five Percenters*, 174 F.3d at 471.  The Fourth Circuit rejected their Eighth Amendment claim, stating, "These conditions are indeed restrictive, but the restrictive nature of high-security incarceration alone does not constitute cruel and unusual punishment ." *Id.*

Similarly, Plaintiff's complaints related to the conditions of confinement do not rise to the level of cruel and unusual punishment.  *See, e.g., Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988)(prisoner deprived of toilet paper, soap, toothpaste and toothbrush while kept in filthy, roach infested cell suffered no punishment when no physical harm resulted); *Miller v. Metts*, 2011 WL 861928 (D.S.C. 2011) (allegations that Plaintiff was placed on lockdown and not allowed family visitation or to receive or make phone calls to his family do not support a § 1983 claim); *Isaac v. Fairman*, No. 92-3875, 1994 WL 63219, * 5-6 (N.D.Ill.1994)(allegation that prisoner was provided only one uniform and denied adequate opportunity to wash did not state claim);*Thompson v. Brown*, C.A. No. 3:11–318–TMC–JRM, 2011 WL 6012592, at *1–2 (D.S.C. Nov.8, 2011), adopted at 2011 WL 6012550 (D.S.C. Dec.2, 2011) (rejecting conditions of confinement claim where the plaintiff claimed "his mattress and blanket were confiscated for six days, he was not allowed to have any toilet tissue for six days, his clothes were taken away from him for six

days, his cell was cold, he had no running water in his cell, and he was forced to sleep on a steel cot for six days"); *Wilson v. Ozmint*, C.A. No. 3:10–cv–2887–RMG, 2011 WL 1336391, at *1 (D.S.C. Apr. 7, 2011) (rejecting claim for violation of Eighth Amendment based on placement in disciplinary confinement for forty-five days).

Further, Plaintiff's claim that he is denied out-door exercise fails to state a claim under §1983. *See generally, Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir.1997)("only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement"); *Alberti v. Klevenhagen*, 790 F.2d 1220, 1228 (5th Cir.1986)(Eighth Amendment does not require "the provision of every amenity needed to avoid mental, physical, or emotional deterioration."). Additionally, Plaintiff has presented no evidence to show that he has any restrictions on his ability to perform indoor exercise.[9] *Chavis v. Fairman*, No. 94–1503, 1995 WL 156599, at *5–6 (7th Cir. Apr. 6, 1995)("Generally, even dramatic restrictions on outdoor exercise do not violate [the due process clause] so long as prisoners have ample opportunity to enjoy indoor activity."); *cf. Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir.1995)("In the context of a conditions-of-confinement claim, to demonstrate that a deprivation is extreme enough to satisfy the objective component of an Eight Amendment claim, a prisoner must 'produce evidence of a serious or significant physical or emotional injury resulting from the

---

[9] Defendant Cohen avers inmates in the Charleston dorm, where Plaintiff was housed, received outdoor recreation on a regular basis and as scheduled except when the institution's security concerns prevent it. [Doc. 85-4 at ¶ 6.] The location of the Charleston dorm, however, presented stronger security concerns than other dorms due to contraband being thrown over the fence into the recreation yard. [*Id*. at ¶ 8.] Because of these concerns, outdoor recreation for inmates who are in Charleston dorm may be restricted more than it is for inmates who are in other dorms. [*Id*. at ¶ 9.] Plaintiff was, however, was advised of the security concerns and given permission to exercise in his cell. [*See* Doc. 42-1 at 5 ("Your concern has been reviewed. When there is a shortage of staff or an issue of maintaining security out-of-cell exercise may be cancelled. You can exercise in your cell."]

challenged conditions', or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions").

Plaintiff also appears to allege that his constitutional rights were violated because some of his grievances were not processed. The "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994). Even assuming that Defendants violated its grievance procedures, such actions do not state a claim which is actionable under § 1983. *See Brown v. Dodson*, 863 F.Supp. 284 (W.D.Va.1994). Further, allegations that Defendants did not follow policies or procedures, standing alone, do not amount to constitutional violations. *See United States v. Caceres*, 440 U.S. 741 (1978); *see also Riccio v. Cnty. of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir.1990) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); *Keeler v. Pea*, 782 F.Supp. 42, 44 (D.S.C.1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

With respect to Plaintiff's claims against Defendant Buoy, Courts have consistently found that alleged verbal harassment, disrespectful and assaultive comments did not violate the Eighth Amendment.[10]  *See Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir.1979) (mere words, even verbal harassment, abuse and threats, without more, are not sufficient

---

[10]A review of the grievances filed by Plaintiff show that he alleges to have tried to speak with Defendant Buoy about the use of the recreation yard and his desire to have the same outside privileges as other housing units within the facility, but that she refused to speak with him about it. [Doc 42-1 at 7.] When he did have an opportunity to speak with Defendant Buoy, she indicated he was denied access to the yard because of a shortage of staff and that he could exercise in his cell. [*Id*. at 8-11.] At not time does Plaintiff allege Defendant Buoy threatened, called him names or otherwise harassed him. Accordingly, the Court finds Plaintiff's allegations of harassment fail to create an issue of fact for trial.

to state a constitutional deprivation under § 1983 or the Bivens doctrine) *cited in Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir.2005) ("As to Henslee's claim that a jail employee incited other inmates to attack him, Henslee did not contend that any inmates in fact attacked him. Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983."); *Ajaj v. United States*, 479 F.Supp.2d 501, 538 n. 16 (D.S.C.2007) ("To the extent Plaintiff is, in addition to physical abuse, also complaining about verbal harassment or taunting, even if there was evidence to support such a claim, no constitutional violation has been shown."). And while Plaintiff alleges he engaged in self-mutilation and required increased doses of anxiety medication as a result of Buoy's harassment, he provides no support for this claim, and provides no medical evidence showing a connection between the alleged harassment and his self-mutilation. Additionally, Plaintiff alleges Defendant Buoy was reprimanded for her behavior towards him; Defendants, however, have provided evidence clearly showing such allegations to be false. [Doc. 85-4 at ¶¶ 11–13.]

With respect to Plaintiff's complaints about food, he has failed to state a claim that rises to the level of a constitutional violation. First, Plaintiff has failed to show that any of the named Defendants were responsible for the food he was served. Further, although Plaintiff alleges he has had "five surgeries to remove cancerous tumors or masses that can be directly attributed to poor nutrition" [Doc. 32 at ¶ 6], he has presented no evidence (such as medical records) to document this claim. Such conclusory allegations are insufficient to state a claim under § 1983. *Tooke v. Ozmint*, Case No. 8:09-CV-1431-MBS-BHH, 2010 WL 2802326 (D.S.C. June 16, 2010) (the Plaintiff's general and conclusory allegations

about the conditions of his confinement, including the nature of his food, his alleged lack of outdoor exercise, and the other complaints are simply insufficient standing alone without any supporting evidence to create a genuine issue of fact as to whether his constitutional rights have been violated).

Additionally, prisons and detention facilities are required to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *McFadden v. Butler*, 2011 WL 2437511, *1 (D.S.C, 2011), citing *French v. Owens,* 777 F.2d 1250, 1255 (7th Cir.1985), *cert. denied, Owens v. French*, 479 U.S. 817, 107 S.Ct. 77, 93 L.Ed.2d 32 (1986).  Assuming a diet's nutritional adequacy, prison officials have the discretion to control its contents.[11]  *Id., citing Divers v. Dep't of Corrs.*, 921 F.2d 191, 196 (8th Cir.1990); *Madyun v. Thompson*, 657 F.2d 868, 874–75 (7th Cir.1981) (allegation that food served to segregated prisoners was cold and not on the menu served to general prison population was insufficient to state an Eighth Amendment violation); *Hoitt v. Vitek*, 497 F.2d 598, 601 (1st Cir.1974)(prisoners' allegation of deprivation of hot meals failed to state a claim of cruel and unusual punishment, given the stipulation that three meals were provided daily);and, *Prophete v. Gilless*, 869 F.Supp. 537 (W.D.Tenn.1994) (food which was cold by the time it was served did not constitute cruel and unusual punishment).

Finally, Plaintiff's claim that he was discriminated against, that inmates are given preferential treatment based on race and religion, that African American's and Latinos are

---

[11] Defendants provided the affidavit of Ryshema Davis, an SCDC nutritionist, who avers that "SCDC menus, including menus for lockdown periods, are nutritionally sound, and meals prepared and served according to the menus are nutritionally adequate." [Doc. 85-8 at ¶¶ 2, 8.]

15

given preferential treatment for jobs and that affirmative action requires a diverse work force in the facility, fail to state a claim under § 1983.[12] First, prisoners have no constitutional right to a job. *See Williams v. Ozmint*, C/A No. 8:07–3723–PMD–BHH, 2009 WL 2828026, at *8 (D.S.C. Sept.1, 2009). *See also Harris v. Murray*, 761 F.Supp. 409 (E.D.Va.1990) ( "[T]here is no constitutional right to an institutional job or, in fact, to rehabilitation at all."). Second, Plaintiff provides no support for his contention that he has the right to be housed in a facility with workers who are racially diverse. Thus, this claim fails to allege a constitutional violation.

### 2.     Deliberate indifference to Medical Needs

Plaintiff claims medical personal have disregarded his high blood pressure and refused to address his sleep apnea. [Doc. 32-2 at 5, Doc. 32 at ¶ 6.]

In the case of *Estelle v. Gamble*, the Supreme Court reviewed the Eighth Amendment prohibition of punishments stating that "[a]n inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." 429 U.S. 97 (*quoting Gregg*, 428 U.S. at 169-73). Thus, deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," *Gregg*, 428 U.S. at 182-83 (joint opinion), proscribed by the Eighth Amendment.

---

[12] Additionally, "[r]acial discrimination in prisoner job assignments states a violation of the equal protection clause of the fourteenth amendment and of the due process clause of the fifth amendment." *Hollingsworth v. Wagoner*, 1990 WL 187125, *1 (4th Cir. Nov.30, 1990) (unpublished) (*citing Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979)). To state a claim for an equal protection violation in a prison setting, "a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir.2001). To meet this requirement, plaintiff is required to set forth "specific, non-conclusory factual allegations that establish improper motive." *Williams v. Hansen*, 326 F.3d 569, 584 (4th Cir.2003). Plaintiff has failed to set forth any such allegations and, thus, his claims fail under both the equal protection and due process clauses.

Unless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which the defendants were aware at the time, a plaintiff may not prevail. *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir.1986).

As an initial matter, the Court notes that none of the named Defendants are responsible for Defendant's medical care. [*See* Doc. 85-2 at ¶ 6.] Additionally, the Court is not convinced Plaintiff's alleged medical needs constitute a sufficiently serious medical condition. "A medical need is 'serious' if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir.1990) (citing *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3rd Cir.1987); *Hendrix v. Faulkner*, 525 F.Supp. 435, 454 (N.D.Ind.1981)). In any event, even if Plaintiff could establish that his medical need is serious, he has failed to establish Defendants acted with a sufficiently culpable state of mind–evidence produced by Defendants precludes finding Defendants consciously disregarded a substantial known risk to Plaintiff's health or safety. Specifically, Defendants provided an affidavit from Dr. George Amonitti, a licensed physician practicing at Ridgeland, averring that Plaintiff has received extensive care for his heart condition, hypertension, sleep apnea, and other ailments while in SCDC custody. [Doc. 85-2 at ¶¶ 8-9.] Thus, Plaintiff cannot show Defendants disregarded his health.

**Qualified Immunity**

17

Lastly, Defendants contend that they are entitled to qualified immunity. The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity: Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. at 818.

> The Court of Appeals for the Fourth Circuit has stated:
>
> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

*Wiley v. Doory*, 14 F.3d 993 (4th Cir.1994)(internal citations omitted), *cert. denied*, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendants violated his established constitutional or statutory rights. Therefore, Defendants are entitled to qualified immunity in their individual capacities.

## **CONCLUSION**

Wherefore, based upon the foregoing, the Court recommends Plaintiff's motion for summary judgment be DENIED, and Defendants' motion for summary judgment be GRANTED.

IT IS SO RECOMMENDED.

s/ Jacquelyn D. Austin<br>United States Magistrate Judge

February 5, 2014
Greenville, South Carolina